# SUPREME JUDICIAL COURT

##### FOR THE

### COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1847, AT PLYMOUTH.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, } Justices
Hon CHARLES A. DEWEY, }

---

### Samuel W. Look *vs.* Thomas Bradley.

When the right of all the inhabitants of a town to fish in a certain pond and creek is tried on the general issue, in a suit between two of them, the other inhabitants are competent witnesses to prove such right, although the defendant files a specification of defence, in which he sets forth such right. *Aliter*, before *St.* 1836, *c.* 273, when such right was put in issue on a special plea in bar.

Trespass for breaking and entering the plaintiff's close in Tisbury, in the county of Dukes county, subverting his soil, tearing down his building, and taking and carrying away fifty thousand alewives from his fishery in said close.

The defendant pleaded the general issue, and filed the

following specifications of defence : 1. That, at the time of the alleged trespass, the plaintiff was not the owner of the soil upon which the acts, charged to have been done by the defendant, were committed ; and that the plaintiff was not in possession of the same.  2. That, at the time of the alleged trespass, and for more than forty years prior thereto, all the inhabitants of the town of Tisbury had an easement, or right of way, to pass and repass over all the lands described in the plaintiff's writ, and to remain there, for the purpose of taking fish in Chappaquonsett Pond and Creek, and that no person has, during all that period, held any title to said lands, except as subject to the easement aforesaid.  3. That, at the time of, and long prior to, the acts complained of, there had been a clear dedication to the public of the use of the lands aforesaid, or so much thereof as is necessary for fishing in Chappaquonsett Pond and Creek.  4. That, at the time of the alleged trespass, there was, and prior thereto, from time immemorial, there had been, in the waters of Chappaquonsett Pond and Creek — the same being the premises described in the plaintiff's writ — a common and free fishery for the taking of alewives and herrings, by all the inhabitants of Tisbury, which the plaintiff, against law, and without right, had heretofore attempted to convert into an exclusive fishery for his own use ; and that all the acts, done and committed by the defendant, were done in the exercise of his legal rights, for the protection and preservation of the common and free fishery aforesaid.

At the trial, at the last May term at Barnstable, before *Hubbard,* J. the defendant, to prove the facts relied upon in his specifications aforesaid, offered John Holmes as a witness. He was objected to by the plaintiff's counsel, on the ground that he was an inhabitant of Tisbury, and therefore interested in the event of the suit ; and the judge ruled that he was not a competent witness, for the reason above stated, and rejected his testimony.  The defendant was thereupon defaulted, under an agreement that if the whole court should be of opinion that the above ruling was correct, the inhabitants of Tisbury

should be excluded as witnesses; and that, if the defendant should offer to prove the facts relied upon by him, by other witnesses, the default should be taken off, and the cause stand for trial.

*Clifford*, for the defendant. Under the rules of pleading, prescribed by *St.* 1836, *c.* 273, the cases of *Lufkin* v. *Haskell*, 3 Pick. 356, and *Odiorne* v. *Wade*, 8 Pick. 518, on which the judge founded his ruling, are not applicable. In those cases, inhabitants of certain towns were held to be incompetent to prove that all the inhabitants of those towns had the rights which the defendants had put in issue by a special plea. A verdict sustaining or negativing such a plea would be evidence for or against any other inhabitant, on the trial of the same question. And so all the inhabitants would be interested in the event of the suit, and not competent witnesses. But under the general issue, which alone can be now pleaded, a judgment or verdict would have no such effect. It would not appear that the verdict was founded on any such right as is suggested in the specification. So that the inhabitants of Tisbury are interested only in the question, and not in the event of the suit, and are competent witnesses for each other, according to the doctrine established in *Bent* v. *Baker*, 3 T. R. 27, and never since questioned. See 1 Greenl. on Ev. §§ 175, 331, 386 *&c seq. Smith* v. *Sherwood*, 4 Connect. 276.

*Z. Scudder*, for the plaintiff. If a specification of defence, under *St.* 1836, *c.* 273, is not to be taken as a plea in bar, and to have the same effect, so far as it respects the present question, then the competency of witnesses is affected by a new rule of pleading, which was not established with a view to any such effect. See *Prewit* v. *Tilly*, 1 Car. & P. 140. 1 Greenl. on Ev. § 405. *Lord Falmouth* v. *George*, 5 Bing. 286. *Gould* v. *James*, 6 Cow. 369. *Moore* v. *Griffin*, 9 Shepley, 350.

A prescription for a common right of fishery, as appurtenant to a particular township, is void, and as absurd as a prescription would be for travelling the king's highway, as

McCall *v.* Parker & others.

appurtenant to a particular estate. Angell on Tide Waters, (2d ed.) 274.

SHAW, C. J. We think the inhabitants of Tisbury were competent witnesses, and should have been admitted. In *Lufkin* v. *Haskell*, 3 Pick. 356, and *Odiorne* v. *Wade*, 8 Pick. 518, it was decided, that the inhabitants were not competent to prove a right of way for all the inhabitants, or a right in all the inhabitants to take shell fish. The right for all the inhabitants, not as a corporation, but as individuals, was put in issue, and the cases were decided upon the ground that a verdict against the plaintiff would, by the common law, be evidence, if not a bar, in any suit he might bring against any other inhabitant ; and so those inhabitants were interested in the event of the suit. *Reed* v. *Jackson*, 1 East, 355. But now, there being no special plea, and no issue joined upon the point of custom, the judgment in this suit could not be used as evidence for or against the witness. The case then is brought back to the general rule, established by *Bent* v. *Baker*, 3 T. R. 27, that where the interest of the witness is in the question, and not in the event of the suit, it is too remote and contingent, and does not render him incompetent.

*New trial granted.*